UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BLACK & DECKER CORPORATION, )<br>BLACK & DECKER, INC., BLACK & DECKER )<br>(U.S.) INC., EMHART CORPORATION, and )<br>EMHART INDUSTRIES, INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 96-10804-DPW<br>NO. 1:04-CV-10674-DPW<br>   (Old Southington Landfill)<br>NO:1:04-CV-10680-DPW<br>   (Solvents Recovery Service) |

### BLACK & DECKER'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING SOLVENTS RECOVERY SERVICE AND OLD SOUTHINGTON LANDFILL

Defendants ("Black & Decker") move, pursuant to Fed.R.Civ.P. 56, for partial summary judgment that Liberty Mutual Insurance Company ("Liberty Mutual") is in breach of its duties, under insurance policies that Liberty Mutual issued to United Shoe Machinery Corporation ("USM Policies"), to indemnify and defend Black & Decker with respect to the portion of the Black & Decker claim for insurance coverage regarding Solvents Recovery Service of New England seeking coverage under the USM Policies ("SRSNE Claim") and with respect to the portions of the Black & Decker claim for insurance coverage regarding Old Southington Landfill seeking coverage under the USM Policies ("Old Southington Claim") on the ground that there is no genuine issue of material fact and Black & Decker is entitled to judgment as a matter of law. In support, thereof, Black & Decker states:

1.      Pursuant to the provisions of each of the blanket general liability insurance and/or comprehensive general liability insurance policies that Liberty Mutual issued to United Shoe Machinery Corporation for the period May 18, 1956 through January 1, 1969 (said insurance policies were exhibits 1-10, 34, admitted in evidence during the trial of Civil Action No. 96-10804-DPW in January and February, 2004; see also exhibit 35 admitted in evidence during said trial, a stipulation as to the issuance and terms of two of said insurance policies), Liberty Mutual is obligated to defend Black & Decker with respect to the SRSNE Claim.

2.      After receiving notice of the SRSNE Claim, Liberty Mutual refused to defend Black & Decker with respect to the SRSNE Claim.

3.      Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to defend Black & Decker with respect to the SRSNE Claim.

4.      Liberty Mutual cannot discharge its burden to prove, by a preponderance of the evidence, that it is not required to indemnify Black & Decker with respect to the SRSNE Claim.

5.      Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to indemnify Black & Decker with respect to the SRSNE Claim.

6.      After receiving notice of the Old Southington Claim, Liberty Mutual refused to defend Black & Decker with respect to the Old Southington Claim.

7.      Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to defend Black & Decker with respect to the Old Southington Claim.

8.      Liberty Mutual cannot discharge its burden to prove, by a preponderance of the evidence, that it is not required to indemnify Black & Decker with respect to the Old Southington Claim.

9. Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to indemnify Black & Decker with respect to the Old Southington Claim.

10. The basis of this motion is set forth in greater detail in the memorandum in support of this motion, the appendix to said memorandum and the statement of material facts in support of this motion, all filed herewith and incorporated herein, as well as in the appendix to the motion for partial summary judgment that Black & Decker filed in Civil Action No. 96-10804-DPW and the exhibits admitted in evidence during the trial of Civil Action No. 96-10804-DPW, all incorporated herein.

### REQUEST FOR ORAL ARGUMENT

11. Black & Decker believes that oral argument may assist the Court in its consideration of this motion and requests an opportunity to be heard in connection with the motion.

By their attorneys,

/s/Jack R. Pirozzolo
Jack R. Pirozzolo BBO# 400400
Richard L. Binder BBO# 043240
Judith S. Ziss, BBO# 544937
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts  02110
(617) 482-5470